**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARL B. COLLINS** | § | |
| **FARZIN DAVANLOO** | § | |
| | § | |
| **V.** | § | **A-10-CV-978 JRN** |
| | § | |
| **W. DIGITAL TECHS., INC., et al** | § | |

**<u>ORDER</u>**

Before the Court are the Motion to Quash and/or Modify Subpoena Duces Tecum by the Board of Regents of the University of Texas System (Clerk's Doc. No. 1); Response in Opposition to Motion, filed by Defendants (Clerk's Doc. No. 12); and Reply to Response to Motion, filed by the Board of Regents of the University of Texas System (Clerk's Doc. No. 15). On December 30, 2010, the District Court referred the motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court held a hearing on the aforesaid motion on January 27, 2011. After considering the parties' briefs, and arguments at the hearing, the undersigned makes the following ruling.

The central issue in this discovery dispute is whether the Board of Regents has possession, custody, or control of the items requested by Western Digital Technologies and Hitachi, Ltd. (and its affiliates) ("Respondents") in a subpoena served on the Board. The Federal Rules of Civil Procedure allow a party to subpoena from a third party "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," provided the matter is "in the responding party's possession, custody, or control." FED. R. CIV. P. 26(b)(1), 34(a)(1), 45(a)(1)(A)(iii). On

December 10, 2010, the Respondents, who are defendants in a suit pending in the United States District Court for the Eastern District of Texas, served a subpoena on the Board seeking certain documents relating to two inventions and patents owned by two former professors of the University of Texas at Dallas ("UTD").[1]  The Board responded to the subpoena and raised a series of objections, among them that the subpoena "seeks information not within [its] care, custody, or control." Objections and Responses to Defendants' Subpoena at 5.  The Board continued to present this objection at the hearing, arguing that the party with possession, custody and control of the responsive documents or materials is UTD

There is no real dispute that the Board does not have "possession" or "custody" of the responsive materials.  The Respondents contend that the Board nevertheless has "control" over the materials given its powers under the Texas Education Code.  These provisions define the roles and functions of the Board of Regents.  For example, the Code states that the Board shall "provide oversight and coordination of the activities of the system and each component institution within the system." Tex. Educ. Code § 65.16(a).  It is "authorized and directed to govern, operate, support, and maintain each of the component institutions" and may "promulgate and enforce . . . rules and regulations for the operation, control, and management of the university system and the component institutions thereof as the board may deem either necessary or desirable." *Id.* §§ 65.31(a), (c).  The Board also manages and controls the University of Texas System lands, and it may enter agreements for developing technology. *Id.* §§ 65.39, .45.  The Board's power also extends specifically over

---

[1]The professors were the inventors of the patented inventions.  The original owner of the patents was the Board, but in 2003 the Board assigned its ownership in the patents back to the inventors.  The inventors are the plaintiffs in the underlying litigation, and they are suing the Respondents for alleged infringement of the patents.  The Board is not a party to that suit.

UTD. *See id.* § 70.04 ("The board may adopt other rules and regulations for the operation, control, and management of [UTD] that are necessary for the conduct of the university as one of the first class.").

These statutory provisions fail to demonstrate that the Board has control over the documents responsive to the subpoena.  The Code provisions demonstrate only that the Board is the governing institution over the whole of the University of Texas System.  This, however, does not mean that it "controls" each and every document held by member institutions, at least insofar as the manner in which the term "control" is used in the discovery rules of the Federal Rules of Civil Procedure.  If the Respondents' arguments were adopted, it would create the perverse rule that a party could obtain any document of any UT System school merely by subpoenaing only the Board, thereby relieving the party from having to serve a subpoena on the institution actually in possession of the document. Respondents have articulated no sound reason why they did not or could not subpoena the documents from UTD—the very institution that the Respondents have known for years possesses the materials.  The Court is unwilling to create a rule that would subject the Board to being the party for service of every subpoena related to any document anywhere in a UT System institution, and therefore rejects the Respondents' argument that the Board is in "control" of the documents at issue here as a result of the Education Code provisions.[2]

_____

[2]The Respondents also point to a 1989 contract entered into by the Board, on behalf of UTD, and Research Applications, Inc. in support of this claim.  The agreement granted a license in the relevant patents to Research Applications.  Respondents contend that the agreement demonstrates that the Board exercises significant control over the patents at issue in this suit.  The licensing agreement adds little to the debate.  The agreement pre-dates the transfer of title of the patents from the Board to the Plaintiffs.  Thus, the fact that the Board exercised control over the patent in 1989 proves little regarding the control it exercises today, now that it has transferred ownership of the patent to the original inventors.

Further, the Defendants fail to point to any case law supporting their position.  The University of Texas System employs thousands of people and undoubtedly its affiliates are often sued.  But neither the Defendants—nor the Court in its searches—could find support for the position that the Board has "control" over all of the documents within the University of Texas System for the purposes at issue here (i.e., responding to a subpoena).  And, despite the Defendants' contention that the Board is engaging in a "shell game" to prevent them from securing material necessary for their case, the Respondents themselves concede that the relevant material is almost certainly in the possession of UTD, and they have made no attempt to obtain the documents from UTD.

The Board has responded to the subpoena and stated that it does not have care, custody, or control over the requested material.[3]  This response is adequate under the rules.  Accordingly, the Court HEREBY GRANTS the Board's Motion to Quash and/or Modify Subpoena Duces Tecum (Clerk's Doc. No. 1), and, to the extent the subpoena purports to require the Board to respond further, the subpoena is QUASHED.

SIGNED this 31st day of January, 2011.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[3]The one exception to this relates to materials concerning the 2003 assignment of the patent to the inventors.  The Court understands that these materials have been produced.  To the extent there is a dispute regarding whether the Board need provide a privilege log of privileged documents "relating" to the assignment, the Court sees no reason to waste the parties' time in requiring that. The only relevance of the assignment concerns Respondent's argument that the assignment was ineffective, which turns on issues of federal law, not on any facts regarding the assignment itself.